623 S.E.2d 394

**In the Matter of John Evander WHITE, Jr., Respondent.**

**No. 26076.**

Supreme Court of South Carolina.

Submitted Nov. 1, 2005.
Decided Dec. 5, 2005.

---

dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

2.  ODC's request to appoint an attorney to protect respondent's clients' interests is denied.

532

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

### *Matter I*

In late 1998, Client A retained respondent to handle several real estate transactions. The majority of these transactions involved rental properties owned by Client A, Client A's company, or Client A's mother. The properties were managed by a third party (Manager). Respondent was made

aware of the arrangement between Client A and Manager in which Client A would transfer title to the properties to Manager after Manager renovated the properties and secured the necessary financing. From May through December 1998, respondent recorded approximately twenty-one deeds transferring property from Client A to Manager.

In or about October 1998, respondent conducted a closing on three lots in Greenville County. Client A was not present at the closing. Manager presented respondent with the deeds conveying the properties to Manager. The deeds were purportedly signed by Client A on his own behalf and on behalf of his mother as attorney-in-fact. According to respondent, Manager informed him that Client A could not attend the closing and had asked Manager to present the deeds to respondent for closing. The deeds were signed, notarized, and appeared in recordable form. Respondent issued checks from his trust account for the proceeds of the loan payable to Manager and either Client A or Client A's mother as co-payees of Manager. The checks were delivered to Manager. Prior to the closing and the issuance of the checks, respondent did not contact Client A or his mother to verify the representations made by Manager, to confirm the validity of the signatures on the deeds, or to obtain permission to release the checks to Manager.

Subsequent to the transaction, respondent learned that Client A's signatures had been forged and that the checks had been negotiated without Client A's consent. Respondent admits he should not have allowed himself to be duped by Manager. Respondent has reached a financial settlement with Client A.

Respondent admits he failed to promptly respond to the requests for information regarding this matter.

## Matter II

Respondent's firm was retained by First Palmetto Savings Bank (Bank) to act as the closing attorney for various real estate transactions. As of October 24, 2002, respondent's firm had failed to supply Bank with the recorded mortgages and final title policies for ten closings. Most of these documents were approximately six months overdue; one closing occurred

more than ten months earlier. Bank's repeated attempts to communicate with respondent's firm through written correspondence and telephone calls met with no success.

Eventually, the documents were provided to Bank. Respondent regrets that the documents were not furnished in a timelier manner. Although the transactions occurred in an office location where respondent did not work, he admits that certain internal controls in the office were ineffective. In addition, respondent admits his supervisory responsibility for the office was deficient.

## *Matter III*

Respondent's firm was retained by Bank to act as the closing attorney for a real estate transaction which occurred on March 22, 2002. As of April 21, 2003, respondent's firm had failed to provide Bank with the recorded mortgage and final title policy for the transaction. Bank's repeated attempts to communicate with respondent's firm through written correspondence and telephone calls met without success.

The documents were eventually provided to Bank. Respondent regrets that the documents were not provided to Bank in a timelier manner. Although this transaction occurred in an office location where respondent did not work (and different from the office in Matter II), respondent admits that certain internal controls in the office were ineffective. In addition, respondent admits that his supervisory responsibility for the conduct of the office was deficient.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 5.1 (partner in a law firm shall make reasonable efforts to ensure firm has in effect measures giving reasonable assurance that lawyers in firm conform to Rules of Professional Conduct); Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand from a disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Con-

duct).[1] Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

MOORE, J., not participating.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.